IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| CAROLYN CUBBAGE, Administratrix of the Estate of Thomas Cubbage, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 3:18–cv–333–HEH ) |
| PIEDMONT REGIONAL JAIL AUTHORITY, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION
(Granting Motion to Dismiss)

Presently before the Court is Defendants Officer Robert Williams and Officer James Caddell's (collectively "Defendants") Motion to Dismiss (ECF No. 17) pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants are subject only to Count III of the Complaint (ECF No. 1), which alleges gross negligence, and they seek dismissal of this Count both as time-barred and for failing to state a claim for relief. All parties have filed memoranda supporting their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. For the reasons that follow, the Court will grant Defendants' Motion to Dismiss.

This action stems from the death of Thomas Cubbage ("Decedent") on May 29, 2016, while confined as an inmate with the Piedmont Regional Jail Authority. (Compl. ¶ 41.) Plaintiff Carolyn Cubbage ("Plaintiff"), as Administratrix of Decedent's estate,

claims that Defendants were grossly negligent in responding to Decedent's emergent medical condition. (*Id.* ¶¶ 61–72.)

At this stage, courts must consider "all well-pleaded allegations in the plaintiff's complaint as true and draw[] all reasonable factual inferences from those facts in plaintiff's favor . . . ." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (citing *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). To survive Rule 12(b)(6) scrutiny, a plaintiff must provide more than merely "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," stating a claim that is "plausible on its face," rather than merely "conceivable." *Id.* at 555, 570 (citations omitted). Generally, the merits of an affirmative defense are not considered at the motion to dismiss stage. *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993). However, "[i]n the limited circumstances where the allegations of the complaint give rise to an affirmative defense, the defense may be raised under Rule 12(b)(6), but only if it clearly appears on the face of the complaint." *Id.* (citations omitted).

Defendants contend that, pursuant to Va. Code Ann. § 8.01-243.2, Plaintiff's claim against them is untimely. § 8.01-243.2 mandates that any personal action brought by or on behalf of a confined person "relating to the conditions of his confinement . . . shall be brought [] within one year after cause of action accrues or within six months after all administrative remedies are exhausted, whichever occurs later." First and foremost, it

2

is appropriate for the Court to address Defendants' statute of limitations defense at this stage of the case because the Complaint presents a clear timeline of the relevant events. *See Gemaehlich v. Johnson*, 599 F. App'x 473, 476 (4th Cir. 2014) (affirming the Rule 12(b)(6) dismissal of a claim as time-barred under § 8.01-243.2). The cause of action for this claim accrued on May 29, 2016, and Plaintiff filed the present action on May 17, 2018—well outside of the one-year period provided for such a claim under § 8.01-243.2. Plaintiff does not appear to dispute this; instead, Plaintiff contends that § 8.01-244 provides the appropriate statute of limitations "[b]ecause this is a wrongful death case." (Mem. Opp. 10, ECF No. 19.) Contrary to this assertion, the Complaint does not identify this as a wrongful death action and contains no citation to the Virginia wrongful death statute, Va. Code. Ann. § 8.01-50. (*See* Compl. ¶¶ 60–74.) Consequently, Plaintiff's claim for gross negligence against Defendants is barred by the statute of limitations, as set forth in § 8.01-243.2.

Defendants also contend that the allegations in the Complaint are insufficient to state a claim for gross negligence. Under Virginia law, three levels of negligence exist: simple negligence, gross negligence, and willful and wanton negligence. *Cowan v. Hospice Support Care, Inc.*, 603 S.E.2d 916, 918 (Va. 2004). Gross negligence "is a degree of negligence showing indifference to another and an utter disregard of prudence that amounts to a complete neglect of the safety of such other person." *Id.* at 918; *see also Kuykendall v. Young Life*, 261 F. App'x 480, 491 (4th Cir. 2008) (holding that "the standard for gross negligence is one of indifference, not inadequacy"). Virginia courts have determined that gross negligence "amounts to the absence of slight diligence, or the

want of even scant care" and is a "heedless, palpable violation of legal duty respecting the rights of others," *Elliot v. Carter*, 791 S.E.2d 730, 732 (Va. 2016) (quoting *Chapman v. City of Va. Beach*, 475 S.E.2d 798, 800–01 (Va. 1996)), that would "shock fair-minded persons." *Cowan*, 603 S.E.2d at 918. The standard for gross negligence is exacting, and "a claim for gross negligence must fail as a matter of law when the evidence shows that the defendants exercised some degree of care." *Elliot*, 791 S.E.2d at 732.

Plaintiff also falls well short of alleging that Defendants were grossly negligent in this case. She contends that Virginia Administrative Code 6VAC15-40-1045 invested Defendants with a duty to perform bi-hourly inspections of inmate housing areas, which they allegedly did not do. The Court need not decide at this juncture whether 6VAC15-40-1045 reposes in individual officers an independent duty to take action, because Plaintiff makes no allegations suggesting Defendants' conduct remotely approached the standard for gross negligence. She merely alleges that Defendants had a "direct or backup" role in inspecting the housing area and that the inspection was not completed in a timely fashion. (Compl. ¶¶ 20–21.)

Plaintiff's remaining allegations do not establish a facially plausible claim that Defendants reacted indifferently or even inadequately; to the contrary, they make clear that Defendants responded attentively to Decedent's worsening condition. Defendants twice called a "code blue," transported Decedent to the medical unit, attended to Decedent throughout the ordeal, retrieved a defibrillator, and further assisted the medical staff. (*Id.* ¶¶ 25–27, 34, 36–38.) Plaintiff's contention that Defendants should have taken different or additional actions, in spite of contrary instructions from Nurse Smith, is

unavailing. For these reasons, Plaintiff fails to plausibly allege that Defendants were grossly negligent.

Based on the foregoing, Defendants Motion to Dismiss will be granted and the Complaint against them will be dismissed without prejudice.[1]

An appropriate Order will follow this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: August 23 2018
Richmond, Virginia

---

[1] Plaintiff, of course, is free to amplify her claims against Defendants and either seek leave to amend her complaint in this action or refile in a separate action.

5